UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
PAUL BROWN,

        Plaintiff,             **MEMORANDUM AND ORDER**
                                                   Case No. 20-CV-5225-FB

  -against-

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
-------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                              *For the Defendant:*
CHRISTOPHER JAMES BOWES         SOPHIE DOROBA
54 Cobblestone Drive                        Special Assistant U.S. Attorney
Shoreham, New York 11786            601 East 12th Street, Room 965
                                                         Kansas City, Missouri 64106

**BLOCK, Senior District Judge:**

      Paul Brown seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits ("DIB") and supplemental security income ("SSI"). Both parties move for judgment on the pleadings. For the following reasons, Brown's motion is granted, the Commissioner's is denied, and the case is remanded for a calculation of benefits.

I

      Brown, who was born in 1987, lost the use of his right eye when he was 17. He first applied for DIB and SSI in 2014, based principally on his eye impairment,

migraines, hypertension, and major depressive disorder.  An administrative law judge ("ALJ") denied his claim, but the Commissioner's Appeals Council remanded for consideration of a report from Brown's treating psychiatrist.

Brown appeared for a hearing before another ALJ in 2019.  The ALJ found that Brown could understand, remember, and carry out simple and routine tasks. but could not manipulate small objects (such as threading a needle or organizing currency) or work around moving mechanical machinery or unprotected heights. Based on that assessment of Brown's residual functional capacity ("RFC"), he found that Brown could work as a bagger, locker room attendant, or cafeteria attendant.  He therefore denied Brown's claim.

Brown again requested review by the Appeals Council.  This time, however, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  This action timely followed.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v.*

2

*Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III

The ALJ's conclusion that Brown could understand, remember, and carry out simple and routine tasks is inconsistent with the opinion of Dr. Titus Okunlola, a board-certified neurologist and psychiatrist who treated Brown for his depression.   In a report dated November 4, 2015, Dr. Okulnola identified no less than 24 symptoms of Brown's depression, including "Poor memory," "Difficulty thinking or concentrating," "Oddities of thought, perception, speech or behavior," "Time or place disorientation," and "Illogical thinking or loosening of associations."   AR 596.   Based on those symptoms, Dr. Okunlola concluded that Brown would be "moderately limited" in his ability to "understand and remember one or two step instructions" and "markedly limited" in his ability to "understand and remember detailed instructions."   AR 598.   He further opined that Brown would be "markedly limited" in his ability to carry out *both* simple and detailed instructions.   AR 598.   Indeed, of the 17 work-related abilities identified in the report, Dr. Okunlola concluded that Brown would be "markedly limited" in 15 and "moderately limited" in two (the aforementioned ability to "understand and remember one or two step instructions" and the ability to "sustain ordinary routine without supervision").   AR 598-99.

3

The ALJ acknowledged Dr. Okunlola's report and gave it "some weight," but ultimately decided that "the other evidence in the case does not support such profound limitations." AR 17. This was error.

The ALJ did not identify any contrary evidence regarding Brown's psychiatric symptoms. Indeed, the bulk of the psychiatric evidence came from Dr. Okunlola, who is obviously in the best position to judge the limiting effects of the symptoms he observed.

Moreover, Dr. Okunlola's report is the *only* opinion evidence from a medical expert regarding Brown's work-related limitations. "[I]t is well-settled that the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *Balsamo v. Chater*, 142 F3d 75, 81 (2d Cir. 1998) (citation and internal quotation marks omitted)). "[W]hile an ALJ is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion to or testified before him." *Id.* (citation, internal quotation marks and alterations omitted). Thus, the ALJ was obliged to accept Dr. Okunlola's opinions or to adduce another expert opinion. He did neither.

It remains to decide whether to remand for further proceeding or for calculation of benefits only. When a district court's decision is based "solely on the [Commissioner]'s failure to sustain his burden of adducing evidence of the

4

claimant's capability of gainful employment," remand for calculation of benefit is the appropriate remedy. *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983).

The record as it stands is clear that Brown is precluded from any gainful employment. Despite a remand from the Appeals Council to address Brown's depression, the ALJ never availed himself of the opportunity to order a consultative psychiatric examination that might have contradicted Dr. Okunlola's opinions. The Court declines to further prolong these already protracted proceedings

## IV

For the foregoing reasons, Brown's motion is granted, the Commissioner's motion is denied, and the case is remanded for a calculation of benefits.

**SO ORDERED.**

                                                    _/S/ Frederic Block_
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
July 21, 2022